SLR:KAN:KRH
F#:2010R00826

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     Plaintiff,         Case No.10-CR-0480 (JBW)

-against -


KENNETH MARSH, ET AL.

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


UNITED STATES' REPLY MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY, PURSUANT TO
RULE 41(g) of THE FEDERAL RULES OF CRIMINAL PROCEDURE


           LORETTA E. LYNCH
           UNITED STATES ATTORNEY
           Eastern District of New York
           271 Cadman Plaza East, 7th fl.
           Brooklyn, New York 11201
           August 3, 2010


Karen R. Hennigan
Special Assistant United States Attorney
(Of Counsel)

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL HISTORY AND BRIEF STATEMENT OF FACTS ...........................................1

ARGUMENT ...................................................................................................................2

      I.     THE COURT LACKS JURISDICTION TO
             GRANT THE 41(g) MOTION ...........................................................................2

      II.    ASSUMING JURISDICTION IS PROPER, THE MOTION
             FAILS ON THE MERITS BECAUSE THE VEHICLE IS
             NEVERTHELESS SUBJECT TO FORFEITURE ..........................................4

      III.   THE DEFENDANT FAILS TO ESTABLISH SUFFICIENT
             HARDSHIP TO WARRANT RETURN OF PROPERTY ...............................6

CONCLUSION...............................................................................................................8

## PRELIMINARY STATEMENT

The United States of America submits this memorandum of law in opposition to the

Motion to Return Seized Vehicle submitted by defendant Kenneth Marsh (hereinafter  the

"defendant"), pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"),

dated July 14, 2010.  The defendant is seeking return of a 2007 Two Door Black Porsche, Model

911 Turbo (the "Subject Vehicle") that was seized pursuant to a warrant authorizing seizure

under both criminal and civil statutes.

The defendant moves the Court to release the Subject Vehicle pursuant to Rule 41(g),

arguing that seizure of the Subject Vehicle is unfair and causes hardship to the defendant. (Dkt.

59, ¶¶ 7-10).  The government respectfully requests that the Court deny the defendant's motion

because (i) the Court lacks subject matter jurisdiction for a Rule 41(g) motion at this time; (ii)

the defendant is not entitled to relief under Rule 41(g), even if jurisdiction was proper; and (iii)

the defendant's alleged hardship is not sufficient to warrant return of Subject Vehicle.

## PROCEDURAL HISTORY AND BRIEF STATEMENT OF FACTS

On June 18, 2010, the defendant, together with others, was indicted for violations of

18 U.S.C. §§1343 and 1348 and 15 U.S.C. §§ 80b-2(11), 80b-6 and 80b-17 (wire fraud,

securities fraud conspiracy and investment advisor fraud, respectively). (Dkt. at 1).  As alleged

in the Indictment, the defendant engaged in a fraudulent scheme involving Gryphon Holdings

Inc. and Gryphon Financial (collectively "Gryphon"), wherein he made false and fraudulent

representations and promises to Gryphon clients in order to induce them into purchasing

financial services.  The Indictment sets forth a Criminal Forfeiture Allegation pursuant to

18 U.S.C.§ 981(a)(1)(C), notifying the defendant of the government's intent to seek forfeiture of

any property, real or personal, which constitutes or is derived from proceeds traceable to the

commission of the defendant's offenses.  Further, on July 14, 2010, the government filed a Bill

of Particulars notifying the defendant of its specific intent to seek forfeiture of the Subject

Vehicle.  (Dkt. at 61).

On July 6, 2010, Magistrate Judge Ramon Reyes, United States District Court for the

Eastern District of New York, authorized seizure of the Subject Vehicle pursuant to an

application by the United States, filed under seal.  The warrant and affidavit in support thereof

(the "affidavit") were unsealed on August 3, 2010, and are attached hereto as Exhibits 1 and 2,

respectively.  As set forth in the affidavit, there is probable cause to believe that the Subject

Vehicle constitutes or is derived from proceeds from the defendant's fraud and is forfeitable

under 18 U.S.C. §981(a)(1)(C).

In or about January 2007, the defendant established a bank account in the name of

Gryphon Holdings, Inc. at Wachovia Bank, Account #2000025751552 (the "Wachovia

Account").  (Exh. 2, ¶9).  Customer purchases from Gryphon were deposited directly into the

Wachovia Account in furtherance of the defendant's fraud.  On or about February 25, 2010, the

defendant initiated a wire transfer from the Wachovia Account in the amount of $88,749.00 to an

account held in the name of Marshall Goldman Motor Sales & Leasing, Inc., for the purchase of

the Subject Vehicle.  (Id. at ¶11). The Subject Vehicle was seized on July 7, 2010 and is subject

to forfeiture pursuant to 18 U.S.C. 981(a)(1)(C).

## ARGUMENT

### I.   THE COURT LACKS JURISDICTION TO GRANT THE 41(g) MOTION

The Court lacks subject matter jurisdiction over the defendant's Rule 41(g) motion.  Rule

41(g) states, in pertinent part, "A person aggrieved by an unlawful search and seizure of property

or by the deprivation of property may move for the property's return."  Rule 41(g) provides an

equitable remedy where no adequate remedy at law is available to persons allegedly aggrieved by an unlawful seizure of property. *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). "Commencement of a civil or administrative forfeiture proceeding ordinarily deprives the District Court of subject matter jurisdiction to review the merits of the forfeiture on a Rule 41(g) motion." *Diaz v. United States*, 517 F.3d 608, 610-611 (2d Cir. 2008). In civil forfeiture cases, dismissal of a Rule 41(g) action is appropriate, because there exists a pending judicial forfeiture proceeding that affords the petitioner an adequate remedy at law. *De Almeida*, 459 F.3d at 382; *see also $8,050 in United States Currency v. United States*, 307 F. Supp. 2d 922 (N.D. Ohio 2004). Furthermore, if an adequate remedy at law exists, it must be pursued in lieu of any equitable remedy that may be available under Rule 41(g). *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989); *see also In re Harper*, 835 F.2d 1273, 1274-75 (8th Cir. 1988) (District Court did not abuse discretion in not exercising equitable jurisdiction under Rule 41(g) after government instituted forfeiture proceeding). In the present case, forfeiture will be litigated during the criminal case against the defendant.

Like civil forfeiture proceedings, criminal forfeiture proceedings are a sufficient remedy at law to defeat the jurisdiction of Rule 41(g) motion. *See e.g., De Almeida*, 459 F.3d at 382 (holding that Rule 41(g) motion offered petitioner no advantage over the ancillary criminal forfeiture proceedings); *Chaim v. United States*, 692 F.Supp.2d 461, 475 (D.N.J. 2010) ("[C]riminal proceeding presents the [petitioner] with an 'adequate remedy at law' to seek a return of the seized funds."); *United States v. Padilla*, 151 F.R.D. 232, 233 (W.D.N.Y. 1992) (court should exercise jurisdiction over Rule 41 motion only where there are no attendant criminal proceedings).

In the instant case, the United States has commenced criminal forfeiture proceedings by

3

including a forfeiture allegation in the defendant's indictment, seeking forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to the commission" of defendant's offenses and further providing defendant a Bill of Particulars, evidencing the government's intent to forfeit the Subject Vehicle as part of the criminal case. (Dkt. at 61). Criminal forfeiture will be adjudicated as part of the defendant's criminal prosecution. This criminal proceeding affords an adequate remedy at law through which the defendant can challenge the seizure. Only when this remedy is no longer available may the defendant pursue relief under Rule 41(g). *See Diaz* 517 F.3d at 611 (When "the claimant no longer has the opportunity to raise objections to the seizure in [forfeiture proceeding], civil equitable jurisdiction may be invoked...."); *see also United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property.").

The defendant's opportunity to challenge seizure of the Subject Vehicle during the pending criminal prosecution represents an adequate remedy at law. Thus, the Court is without subject matter jurisdiction to consider the defendant's Rule 41(g) motion and the motion should be denied.

II.    ASSUMING JURISDICTION IS PROPER, THE MOTION FAILS ON THE MERITS
       BECAUSE THE VEHICLE IS NEVERTHELESS SUBJECT TO FORFEITURE

Even if the defendant's Rule 41(g) motion were properly before the Court, the defendant is not entitled to relief on the merits. A motion under Rule 41(g) should be denied if the defendant is not entitled to lawful possession of the seized property; the property is contraband or subject to forfeiture, or the Government's need for the property as evidence continues. *United*

4

States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999); United States v. Fitzen, 80 F.3d 387, 388 (9th Cir. 1996); Assil v. United States, WL 4104026 at *3 (S.D.N.Y. 2008); United States v. Abbas, 2008 WL 1815796 at *8 (C.D.Ca. 2008); United States v. Gotti, 244 F.Supp.2d 120, 124 (E.D.N.Y. 2003).

If a motion for return of property under Rule 41(g) is made while a criminal prosecution is pending, as is the case here, "the burden is on the movant to show that he or she is entitled to the property" by a preponderance of the evidence. Id. In addition, "it is well-settled that the federal government may defeat a Rule 41[g] motion by demonstrating that the property is subject to federal forfeiture."[1] Abbas, 2008 WL 1815796 at *8 (quoting Fitzen, 80 F.3d at 389).

The defendant fails to make any showing that the Subject Vehicle is not subject to forfeiture. In fact, the defendant concedes that the government "may have the ability to seek forfeiture of his property if he is convicted of the allegations set forth in the Indictment." (Dkt. 59 at ¶ 3). Forfeiture of the Subject Vehicle will be litigated during the criminal prosecution of and the defendant will have ample opportunity to challenge the forfeiture at that time.

The Subject Vehicle is clearly subject to criminal forfeiture. The defendant purchased the Subject Vehicle using funds that were deposited by victims into the Wachovia Account as part of the fraudulent scheme. The Subject Vehicle is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), which authorizes the forfeiture of proceeds of certain specified unlawful activities, including wire fraud and securities fraud. See 18 U.S.C. 1956(c)(7), and United States v. Schlesinger, 396 F. Supp. 2d 267, 275-76 (E.D.N.Y. 2005) (criminal forfeiture of mail and wire fraud proceeds under sections 2461(c) and

---

[1] Rule 41 was reorganized in 2002. Previously, the subsection addressing motions for return of property was Rule 41(e) until this subsection was re-designated Rule 41(g) in 2002. Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g). See De Almeida, 459 F.3d at 379 n. 2. Therefore, where this Memorandum quotes a reference to Rule 41(e), it will be referenced as Rule 41[g].

981(a)(1)(C) is coextensive with civil forfeiture), *aff'd* 514 F.3d 277 (2d Cir. 2008).

In sum, the defendant's Subject Vehicle is subject to criminal forfeiture as property which constitutes or is derived from proceeds traceable to wire fraud and securities fraud.  The defendant is not entitled to use of the Subject Vehicle under Rule 41(g) and his motion should be denied.

## III. THE DEFENDANT FAILS TO ESTABLISH SUFFICIENT HARDSHIP TO WARRANT RETURN OF PROPERTY

Even if subject matter jurisdiction over the Subject Vehicle were properly before the Court, return of the Subject Vehicle to the defendant would be improper on the basis of hardship. The defendant fails to establish sufficient hardship to justify return of the Subject Vehicle to him. While the defendant claims he requires use of the Subject Vehicle during the pendency of the proceedings, he fails to establish lack of other transportation.  The defendant lives on Staten Island, New York, where public transportation is readily accessible.  The defendant argues that he needs use of the Subject Vehicle to receive medical treatment, attend pretrial services, seek employment and visit his two-year-old son. (Dkt. at 59).  This argument fails for several reasons.

First, a Rule 41(g) motion is not the appropriate forum for an argument of hardship as a result of a seizure of property.  *See United States v. Douleh*, 220 F.R.D. 391, 395-396 (W.D.N.Y. 2003) (hardship argument whereby seizure impacted the defendant's ability to pay bills was more appropriately brought in another forum); *see also United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) ("The proper office of a Rule 41(g) motion is... to seek the return of property seized without probable cause, or property held an unreasonable length of time...."). An argument of hardship is more appropriately brought pursuant to 18 U.S.C. § 983(f) in a civil, rather than a criminal, action.[2]  *See United States v. Kramer*, 2006 U.S. Dist. LEXIS 89034, 2006

---

[2] Section 983(f) states, in pertinent part, "A claimant...is entitled to immediate release of seized property if...the

WL 3545026 at *2 n.1 (E.D.N.Y. Dec. 8, 2006).

Secondly, even if 18 U.S.C. § 983(f) were applicable to criminal forfeiture actions, the defendant fails to meet the prerequisites set forth by the statute. The seizure of the Subject Vehicle does not amount to the level of substantial hardship that would warrant the return of the properly seized Subject Vehicle. While the seizure certainly prevents the defendant from the benefit of driving a luxury automobile, it does not prevent him from seeking employment, from attending pretrial services or visiting his son. While the defendant may prefer continued use of the Subject Vehicle, there is simply no justification for returning to the defendant the proceeds of his criminal activity. The Subject Vehicle was clearly purchased with criminal proceeds. Seizure of the Subject Vehicle is in the best interests of the victims in this case because seizure is the only way to ensure preservation of the Subject Vehicle's value and because assets subject to forfeiture may, depending upon the circumstances, be made available for restitution.[3] The defendant is free to find other, less ostentatious, means of transportation. *See e.g., In re Petition of Moran*, 2009 WL 650281 (S.D.Cal. 2009) (Dismissing the fact that the "inability to use the seized vehicle more than likely has made [petitioner's] life more difficult" as insufficient); *United States v. $6,787.00 in U.S. Currency*, 2007 WL 496747 at *2 (N.D.Ga.2007) (car salesman's inability to drive luxury Jaguar did not impose substantial hardship where other means of transportation are available). The defendant's ability to pursue more modest, yet no less reliable, means of transportation renders his claims of hardship unsustainable.

---

claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk" that property won't be destroyed or damaged."

[3]While forfeiture and restitution are separate and distinct, in some cases, forfeited moneys can be used to satisfy restitution obligations. For example, in the event of a conviction in this case, the Court is likely to order the defendant to pay restitution to the victims in accordance with 18 U.S.C. § 3663A. If, at the time of sentencing, the defendant lacks the means to satisfy his restitution obligation, the Attorney General may, upon application by the United States Attorney's Office, authorize the restoration of funds forfeited in the criminal case to satisfy the defendant's restitution obligation. 18 U.S.C. §981(e)(6).

Finally, in the alternative to return of the Subject Vehicle, the defendant has offered to compromise by allowing the government to sell the Subject Vehicle in return for approximately Twenty Thousand Dollars ($20,000.00) from the sale for the purchase of another vehicle. The government rejects this offer. Such a compromise would unduly reward the defendant and unfairly reduce the amount of money available for forfeiture in the criminal case.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendant's Rule 41(g) motion to return the Subject Vehicle.

Dated: Brooklyn, New York
      August 3, 2010

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East, 7th Fl.
Brooklyn, New York 11201

Karen R. Hennigan
Special Assistant United States Attorney
(Of Counsel)

8